UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-22742-CIV-MORENO

SREAM, INC., a California Corporation, and
ROOR INTERNATIONAL BV, a Foreign
Corporation,

        Plaintiffs,

vs.

NAHID M F INTERNATIONAL INC. d/b/a
FARM STORE 603,

        Defendant.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE came before the Court upon the Plaintiffs' Response to Order to Show Cause and Request That Summons Be Issued **(D.E. 4)**, filed on **October 22, 2018**.

THE COURT has considered the pertinent portions of the record and the last recorded date of various proceedings. On October 15, 2018, the Court issued an Order to Show Cause why the complaint in this case was not served in compliance with Federal Rule of Civil Procedure 4(m). **(D.E. 3.)** Plaintiffs' response asserts that the "Court has yet to issue the summons" and that Plaintiffs "were not aware that the summons had not been issued until receipt of the Court's Order to Show Cause." **(D.E. 4 at ¶¶ 2–3.)** Plaintiffs "request that this Honorable Court issue the summons" and "not dismiss the case." Both requests are DENIED.

Under the Federal Rules of Civil Procedure, "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." Fed. R. Civ. P. 4(b). Plaintiff did so here. (*See* **D.E. 1-7.**) "If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." *Id.* The record does not

show the clerk signed, sealed, or issued the summons to Plaintiffs for service. That said, the Federal Rules make clear that "[a] summons must be served with a copy of the complaint" and that "[t]he *plaintiff is responsible for having the summons and complaint served* within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c) (emphasis added).

Here, Plaintiff essentially asks the Court to find good cause for extending the service deadline and to not dismiss this case under Federal Rule 4(m) because the Clerk of Court never signed, sealed, or issued the summons to Plaintiffs. But good cause for failure to serve within 90 days exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 672 (S.D. Fla. 2016) (quoting *Lepone–Dempsey v. Carrol Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)). And here, Plaintiffs admit they "were not aware that the summons had not been issued until receipt of the Court's Order to Show Cause," which was issued after the 90 day service deadline expired on October 7, 2018. **(D.E. 4 at ¶ 3.)** This is at least inadvertence. Moreover, the Eleventh Circuit has rejected the argument that a plaintiff has "good cause for the failure to serve because the district court failed to issue the summons to him so that he could serve the defendants." *See Pierce v. Kyle*, 445 F. App'x 201, 202 (11th Cir. 2011) (affirming dismissal and finding district court did not abuse discretion in ruling *pro se* plaintiff lacked good cause to extend service deadline where clerk did not issue summons). Therefore, the Court finds good cause does not exist to extend the service deadline.

In short, even though Plaintiffs were "not aware that the summons had not been issued," it was their "responsib[ility] for having the summons and complaint served within the time allowed by Rule 4(m)." Because they initiated this action seeking redress from the Court, Plaintiffs should have followed up to "[re]present [the] summons to the clerk for signature and

seal" pursuant to Federal Rules 4(b) and 4(c). Plaintiffs filed their complaint on July 9, 2018 and failed to serve Defendant by the October 7, 2018 deadline thereby not complying with Federal Rule 4(m). Consequently, it is

**ADJUDGED** that this case is DISMISSED without prejudice for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m). The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th of October, 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3